JOHN P. HOLLINGSHEAD, APPELLANT, *v.* WILLIAM WOODWARD, JR., RESPONDENT.

*Liability of a stockholder — when released by a cancellation of his stock — a corporation can only be dissolved by a formal judgment — form of demurrer.*

In an action by a creditor of an insolvent manufacturing corporation to enforce the individual liability of the defendant, a stockholder therein, the latter set up as a second defense that as to twenty-five shares of the stock held by him they had been issued by the officers of the company as a stock dividend pursuant to a resolution of the board of directors, under the pretense that the company had earned surplus profits; that in fact the company had not earned any surplus profits; that thereafter, and before the plaintiff's debt was created, the board of directors passed a resolution rescinding the former resolution directing the increase of the stock and the stock dividend, thereby annulling the certificate for said shares, which the defendant had been and was ready to surrender to the court.

*Held,* that this was a good defense as to the said twenty-five shares.

For a third defense the defendant alleged that more than four years prior to the commencement of this action the property of the company had been sequestrated and a receiver thereof appointed, in an action brought in the Supreme Court, and the officers and agents of the company had been restrained from all interference with its stock, property or effects; that since that time it had not elected officers or transacted business and that its property had been distributed among its creditors by the receiver, and that these facts were equivalent to a dissolution of the corporation so as to entitle the defendant to the benefits of the statutory provision terminating the liabilities of stockholders two years after they ceased to be such.

*Held,* that the facts alleged did not show a dissolution of the corporation; that it could only be dissolved by the judgment to that effect of a court of competent jurisdiction.

*Kincaid* v. *Dwinelle* (59 N. Y., 548) followed.

The plaintiff demurred "to the second and third defenses set up·in the defend-
ant's answer herein for the reason, appearing on·the face thereof, that *neither*
of the said alleged defenses stated facts sufficient to constitute a defense to
this action." The court below overruled the demurrer as to both of the
defenses.

*Held,* that as the demurrer was good as to one defense and bad as to the
other, it should be sustained as to one and overruled as to the other, and
that neither party should have costs below or on this appeal. (BRADY, J.,
dissenting.)

APPEAL from a judgment, entered upon an order made at a Special
Term, overruling a demurrer to the second and third defenses set
up in the answer.

*T. S. Moore,* for the appellant.

*J. C. Bostelmann,* for the respondent.

DAVIS, P. J.:

This is an action brought by a creditor of an insolvent manufac-
turing corporation to enforce the individual liability of one of the
stockholders on account of the failure of other stockholders to pay
up all the capital. The answer sets up three defenses. The plain-
tiff demurs to the second and third defenses in the following form :
"The plaintiff demurs to the second and third defenses set up in
the defendant's answer herein for the reason, appearing on the face
thereof, that neither of the said alleged defenses states facts sufficient
to constitute a defense to this action."

On the hearing of the demurrer in the court below it was adjudged
that the answers set up a good and sufficient defense, and judgment
overruling the demurrer with costs was given to the defendant.
The defendant is alleged in the complaint to have been the holder
of 125 shares of the stock of the corporation. The second answer
alleges in substance, as to the twenty-five shares, that a certificate
thereof was issued by the officers of the company (of whom defend-
ant was not one) as a stock dividend, under the pretense that the
said company had earned surplus profits to the amount of twenty-
five per cent upon its capital stock, and a resolution was passed by
the board of directors of the said company declaring that such
profits had been earned, and directing that they be divided among
the stockholders by means of a stock dividend, in place of cash, to

the amount of twenty-five per cent of the stock held by such stockholders respectively; but in truth and in fact no such profits had been earned or any part thereof; and the said board of directors, after issuing such certificates, and before any of the notes mentioned in the complaint had been made or indorsed, passed another resolution rescinding their former resolution directing such increase of capital and such stock dividend, thereby, in substance, annulling the certificate for twenty-five shares, which the defendant has been at all times ready and willing to surrender to the said company.

We think this defense is good so far as relates to the twenty-five shares, and that the act of recission operated to annul the previous illegal action of the board, and to cancel the certificate which had been issued, and that the defendant cannot be held to any liability upon or by virtue of the alleged twenty-five shares thus issued to him and afterwards annulled. So far, therefore, as related to this defense the judgment was right and should be sustained.

As to the third answer we do not concur with the court below that it alleges sufficient facts to constitute a defense. It is averred by it in substance that more than four years prior to the commencement of this action, a judgment was rendered by the Supreme Court of this State against the corporation, whereby it was adjudged that all the stock, property and effects of the said company be sequestrated for distribution among its creditors, and that a receiver should be, and one was, appointed of all the stock, property and effects of the said corporation, and vested with the exclusive control thereof; and the officers and agents of the said company were thereby restrained from all interference with such stock, property and effects, and that such receiver took possession of all the stock, property and effects of the said corporation on the same day upon which judgment was entered as aforesaid, and since that date, and for more than four years prior to the commencement of this action, the said corporation has not transacted and could not transact any business; has not elected any trustees or other officers, and has not had any, and no transfers of its stock have been permitted or possible. That all the property and effects of the corporation have been distributed among its creditors by the said receiver, under direction of the said court, in pursuance of the said judgment; and that the same were not sufficient to satisfy the debts due from the said.

corporation to its creditors, and there is not, and never will be, any surplus for the stockholders thereof. And he avers that these several facts were equivalent in law to the dissolution of the corporation, and that by reason thereof he ceased to be a stockholder thereof from the date of the judgment, more than four years before the commencement of this action. The statute which creates the personal liabilities of stockholders also provides that their liability shall cease at the end of two years after they cease to be stockholders.

The question presented by the demurrer is whether upon the allegations of the third defense the defendant, more than two years before the beginning of this action, ceased to be a stockholder of the corporation. We think this case is controlled by the decision in *Kincaid* v. *Dwinelle* (59 N. Y., 548), which in effect holds that such a judgment as is set forth in this case does not operate to dissolve the corporation, and that although a corporation may be enjoined from the exercise of its corporate franchises and deprived of its property, and thus cease to exist for all practical purposes, it is not thereby actually dissolved. It cannot be dissolved except by the judgment of a court of competent jurisdiction. Upon this defense the judgment should therefore have been in favor of the plaintiff. There is some question whether under the form of demurrer interposed in the case the defendant is not entitled to a judgment because one of his defenses is sustained. Strictly speaking, separate demurrers should have been interposed to each defense. In this case the ground of demurrer is that " neither of the alleged defenses states facts sufficient to constitute a defense to this action;" and the demurrer being to both the second and third defenses, and one of them being held good, it cannot be said to be true that neither answer states facts sufficient to constitute a defense. But under the present system, in which pleadings are to be construed liberally, with a view to ascertain the intention of the pleader, this rule may be regarded as too technical in its application. We think, therefore, that the judgment in respect to the third answer should be reversed, and judgment ordered for the plaintiff. As both parties are successful on appeal neither should have costs against the other; and so of the trial of the demurrer below, neither should have costs as against the other,

or if costs be awarded to them they should be offset against each other.

The judgment should be modified by directing judgment for the plaintiff upon the demurrer to the third defense, and for the defendant upon the demurrer to the second defense, and that neither have costs as against the other, and that each be at liberty to amend within the usual period of twenty days after entry of order hereon.

Daniels, J., concurred.

Brady, J.:

One of the defenses having been sustained, the judgment should be affirmed *in toto*. I dissent therefore.

Judgment modified as directed in opinion, and affirmed as modified, without costs to either party.